**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 98-11020

_____

MARY ELLEN EHLMANN; ET AL,

Plaintiffs,

MARY ELLEN EHLMANN; ET AL,

Plaintiffs-Appellants,

v.

KAISER FOUNDATION HEALTH PLAN OF TEXAS; ET AL,

Defendants,

KAISER FOUNDATION HEALTH PLAN OF TEXAS; ET AL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas

_____

January 4, 2000

Before REYNALDO G. GARZA, JOLLY, and WIENER, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In April 1997, the plaintiff ERISA plan members[1], (hereinafter "Ehlmann") sued the

---

[1] Plaintiffs are participants and beneficiaries of employee welfare benefit plans as defined under ERISA. "ERISA" refers to the Employee Retirement Insurance Security Act. Plaintiffs' employers retained the defendant HMOs to arrange for or provide the welfare benefit plans' health care. "Ehlmann" will refer to the plaintiff class while "Kaiser" will refer to the class of defendant HMOs.

defendant HMOs (hereinafter "Kaiser") under the Employee Retirement Insurance Security Act, 29 U.S.C.A. §1991 *et sq.*, alleging that Kaiser breached its statutory fiduciary duties to act solely in the interests of, and for the benefit of, Ehlmann. Ehlmann asserts that as an ERISA fiduciary, Kaiser owes duties of loyalty that requires it not to mislead and to fully disclose material information. In particular, Ehlmann claims that Kaiser had a duty to disclose the fact that it maintains financial incentive arrangements, which Ehlmann claims harm patients by causing physicians to keep usage of health care, referrals, and testing to a minimum.[2] According to Ehlmann, Kaiser has a broad duty to disclose these financial incentive arrangements, even in the absence of a specific inquiry or other special circumstances. At trial, Ehlmann sought an injunction requiring, *inter alia*, that Kaiser modify its member handbooks and/or physician directories to fully disclose to all plan members the bonus arrangements between the HMOs and their contracting physicians. Ehlmann also alleges that Kaiser made misleading representations to ERISA plan members and that a conflict of interests arises for HMOs between the ERISA fiduciary duties and the drive for HMO health plan profits.

The district court entered an agreed scheduling order staying discovery, class certification, and notice procedures pending full briefing and determination of any motion to dismiss under Rule 12(b)(6). Kaiser then filed a Joint Motion to Dismiss to which Ehlmann responded. The district

---

[2] The arrangements, also referred to as physician compensation or reimbursement plans, allegedly include a bonus and incentive structure to reduce treatment through "withhold" provisions which require that a portion of the contracting physicians' pay be withheld pending a review of the contracting physicians' medical costs. Additionally, the HMOs are alleged to have used "referral funds" to pressure their contracting physicians to keep down medical costs by limiting treatment to their plan-member patients. A "referral fund" is alleged to be an additional percentage of per-patient compensation from which amounts for every referral, laboratory or diagnostic test, emergency treatment, or hospitalization are deducted against the possible bonus amount available to the physician who provides or authorizes the service for his patients.

court later entered its final judgment, opinion and order, agreeing with Kaiser that it has no duty to disclose. Ehlmann argues that the district court's order failed to discuss or even mention the two other grounds pleaded as claims for breach of ERISA fiduciary duties: misrepresentation and conflicts of interests. This appeal followed.

## II.   DISCUSSION

### A.   Duty to Disclose

Ehlmann alleges that Kaiser violated its fiduciary duty, imposed by Section 404 of ERISA, 29 U.S.C. § 1104, to disclose its physician compensation scheme. According to Ehlmann, this duty to disclose is broad and requires disclosure even absent specific inquiry. The district court dismissed this claim, finding that since ERISA imposed no such duty, Ehlmann could prove no set of facts in which that duty was breached. This court reviews a district court's decision to grant a motion to dismiss *de novo* and applies that same standard as the district court. *Holt Civic Club v. City of Tuscaloosa*, 439 U.S. 60, 66 (1978); *Fontana v. Barham*, 707 F.2d 221, 227 (5th Cir. 1983), *cert. denied*, 464 U.S. 1043 (1984). Therefore, this court must affirm the dismissal if it appears to a certainty that Ehlmann is not entitled to recover under any state of facts that could be proved in support of the non-disclosure claim.

Whether ERISA imposes on HMOs a fiduciary duty to disclose physician compensation schemes is an issue of first impression in this court. We hold that the district court correctly dismissed Ehlmann's claim for the breach of such a duty to disclose because ERISA imposes no such duty.

It is for Congress to determine whether to impose such a duty to disclose under ERISA and this court will not encroach on that authority by imposing a duty which Congress has not

3

chosen to impose.  However, ERISA nowhere contains any specific reference to a duty to disclose physician compensation plans.  Ehlmann argues that such a duty should be implied from the general fiduciary duty wording of Section 404.  Section 404(a) provides a "Prudent man standard of care," by which a fiduciary is required to "discharge his duties with respect to a plan solely in the interests of the plan participants and beneficiaries" and for the "exclusive purpose of . . . providing benefits to participants . . . and defraying reasonable expenses of administering the plan."  29 U.S.C. § 1104.

Ehlmann's argument is unavailing.  Given the canon of statutory construction that the specific language in a statute rules the general, *see Morales v. Trans World Airlines, Inc*, 504 U.S. 374, 384 (1992), this court should not add to the specific disclosure requirements that ERISA already provides.  While § 404 makes no reference to any duty to disclose, ERISA contains numerous other provisions detailing an HMO's disclosure duties, and these provisions do not reference physician reimbursement plans.  *See* 29 U.S.C. §§ 1021 - 1031.  For example, Section 102, 29 U.S.C. § 1022, requires that material provisions of a plan be summarized in a manner understandable to the average plan participant.  Moreover, extensive United States Department of Labor (DOL) regulations which implement this requirement, *see* 29 C.F.R. § 2520.102-3, nowhere suggest that physician compensation arrangements are among the items to be disclosed.

That Congress and DOL were so capable of enumerating disclosure requirements when they wanted to means that the absence of one regarding physician compensation plans was

**4**

probably intentional.[3] This fact, along with the general principle of statutory construction that more specific provisions in a statute govern over those generally worded, counsels against judicial intervention to add a disclosure requirement to those already provided. As the Sixth Circuit stated, "[i]t would be strange indeed if ERISA's fiduciary standards could be used to imply a duty to disclose information that ERISA's detailed disclosure provisions do not require to be disclosed." *Sprague v. General Motors Corp.*, 133 F.3d 388, 405 (6th Cir.), *cert. denied*, 118 S.Ct. 2312 (1998). *See also Faircloth v. Lundy Packing Co.*, 91 F.3d 648 (4th Cir. 1996) (in accord). Today we heed the Supreme Court's warning that where ERISA provides a section specifically dealing with a particular information scheme, courts should not supplement that scheme by reference to a far away provision in another part of the statute.[4] *See Curtis-Wright v. Schoonejongen*, 514 U.S. 73, 84 (1995).

This warning is particularly apt in light of the legislative history of ERISA, a history which runs against Ehlmann's overly broad construction of Section 404. As Ehlmann describes it,

---

[3] Ehlmann attempts to explain Congress's omission of a specific requirements that HMOs disclose their physician compensation plans. Ehlmann argues that at the time Congress crafted ERISA's disclosure requirements, the health care system did not contain the same incentives to cut back on healthcare that are present today. However, Congress and the Department of Labor are surely aware of these changes and have chosen not to supplement ERISA's disclosure requirements.

[4] In order to avoid this conclusion, Ehlmann argues that a distinction must be drawn between ERISA administrators and fiduciaries. Under Ehlmann's reasoning, ERISA administrators have the aforementioned specific reporting and disclosure requirements, but fiduciaries are not statutorily so circumscribed. Therefore, regarding fiduciaries, there are no specific reporting requirements to "rule" the general requirements of § 404. This argument is unavailing for the reasons already discussed. First, given that Congress was so specific in detailing the reporting requirements of administrators, its failure to address the same regarding fiduciaries suggests that the omission was intentional and that ERISA imposes no reporting requirements outside those specifically enumerated at 29 U.S.C. §§ 1021 - 1031. Second, nothing in § 404 provides a basis for reading in the duty to disclose sought by Ehlmann.

Congress intended Section 404 to incorporate the common law of trusts. Ehlmann further argues that this common law may include fiduciary duties above and beyond those specifically enumerated in the disclosure requirements, such as a duty to disclose physician compensation plans. However, Congress intended that Section 404 incorporate the core principles of fiduciary conduct developed in the common law of trusts with *modifications* appropriate for the world of employment benefit plans. *Donovan v. Cunningham*, 716 F.2d 1455, 1464 (5th Cir. 1983). Thus we interpret ERISA's fiduciary standards while bearing in mind the special nature and purpose of employment benefit plans. *Id.* In enacting the specific disclosure provisions of ERISA, Congress has made the modifications it deems appropriate. Thus, this court will not add a specific disclosure requirement to those already enumerated.

So far we have explained why the text, structure and legislative history of ERISA do not support the imposition of a broad duty to disclose physician compensation plans. In addition, the cases cited by Ehlmann for the proposition that Section 404 imposes such a duty all involved the failure to disclosure material information after a specific inquiry or some other special circumstance not present in this case. *See McDonald v. Provident Indemnity Life Ins. Co.*, 60 F.3d 234 (holding that the fiduciary duties of Section 404 required disclosure of a rate schedule change resulting in prohibitive premiums given the extreme impact that change could have on small employers such as the plaintiff); *Shea v. Esensten*, 107 F.3d 625, 628 (8th Cir. 1997), *cert. denied*, 118 S.Ct. 297 (1997) (holding that Section 404 required disclosure of a physician compensation arrangement where the plan participant asked his doctor whether he should see a heart specialist regarding his heart condition, was told not to, and subsequently died of a heart attack, and where the compensation arrangement discouraged the kind of referral the plan

participant sought).

Clearly these cases, which adopt a case by case or *ad hoc* approach, do not warrant the wholesale judicial legislation of a broad duty to disclose that would apply regardless of special circumstance or specific inquiry. Indeed, the *Shea* court did not address the problems of statutory interpretation at issue in using a general fiduciary duty provision to overwrite the express disclosure requirements of Sections 101-111. In contrast, Ehlmann would have us hold that, even absent specific inquiry or special circumstance, an HMO's fiduciary obligations under ERISA include a broad duty to disclose to all plan members the details of its physician compensation and reimbursement schemes. We hold today that no such duty exists and therefore affirm the dismissal of Ehlmann's duty-to-disclose claim. We do not pass on what sort of disclosure, if any, that Section 404 might require given a specific inquiry from a plan member or given some other special circumstance.

### B.    Misrepresentation and Conflict of Interest.

Ehlmann asserts that the district court erred when it ignored or dismissed without explanation its misrepresentation and conflicts of interest claims. However, after reviewing Ehlmann's complaint, we conclude that these claims were not pled as causes of action independent of the duty-to-disclose claim, which we have just dismissed. Therefore, Ehlmann's conflict of interest and misrepresentation claims are hereby dismissed without prejudice since they were not properly pled as separate claims.

### IIII.   CONCLUSION

The dismissal of Ehlmann's ERISA claims against Kaiser is hereby AFFIRMED.